CORRECTED

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1544V
(not to be published)

| | |
|---|---|
| RALPH BALCOM,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 3, 2022<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Jessica Olins, Maglio Christopher & Toale, PA, Seattle, WA,* for Petitioner.

*Jeremy Fugate, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 6, 2020, Ralph Balcom ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome resulting from an influenza vaccination received on September 1, 2018; hepatitis A and Tdap vaccinations received on October 10, 2018. (Petition at 1). On July 1, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 23).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 16, 2021, (ECF No. 30), requesting an award of $33,834.93 (representing $33,065.70 in fees and $769.23 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating Petitioner incurred out-of-pocket expenses in the amount of $43.92. (ECF No. 30-3). Respondent reacted to the motion on September 16, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and defers resolution of the amount to be awarded to the Court's discretion. (ECF No. 31). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests I endorse the following rates for attorney Jessica Olins: $199 for 2019; $225 per hour for 2020; and $266 per hour for time billed in 2021. (ECF No. 30-1 at 19). The rates for Ms. Olins have been previously reviewed in other cases and deemed appropriate and shall be awarded in this matter as well.

Additionally, Petitioner is requesting the rate of $165 per hour for time billed in 2020 for a "Research Assistant". (Id). As this time was not billed by an attorney, and no supporting documentation was provided to support this rate, it will be assessed in the range for that of a paralegal. The requested rate exceeds the rates for paralegals on the OSM Attorney's Forum Hourly Rate Schedule.[3] I shall reduce the rate for the research assistant to the rate of $150 per hour (although I will allow all time billed by this individual to be awarded). I shall reduce the rate for the research to assistant to the rate of $150 per hour. This reduces the fees requested in the amount of **$4.50**.[4]

## ATTORNEY COSTS

Petitioner requests $769.23 in overall costs. (ECF No. 30-2). This amount is comprised of obtaining medical records, shipping fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $33,874.35[5] as follows:**

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount consists of $165 - $150 = $15 x 0.30 hrs = $4.50.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

3

- **A lump sum of $33,830.43, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $43.92, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

- **Per Petitioner's request, the check should be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.